**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 22-158** |
| **DAMON WILLIAMS** | **SECTION: N** |

# ORDER AND REASONS

Before the Court is Defendant Damon Williams's Motion for Reconsideration[1] of this Court's August 21, 2026, order and reasons[2] denying Defendant's motion to suppress evidence and fruits of illegal search. The Government opposes this motion.[3] Having carefully considered the parties' briefs, the record, and applicable law, the Court denies the motion.

## I. Background

Williams previously sought to suppress the contraband, firearms, and statements that were recovered by FBI agents during a search, pursuant to a warrant, at 10901 Willow Brae Drive on June 27, 2022.[4] After briefing and an evidentiary hearing, this Court denied Williams's motion.[5] The Court found, primarily, that (1) the good faith exception to the exclusionary rule applied, and (2) probable cause existed.

[1] Rec. Doc. 115.
[2] Rec. Doc. 114.
[3] Rec. Doc. 116.
[4] Rec. Doc. 93.
[5] Rec. Doc. 114.

## II. Law and Analysis

Motions to reconsider are judicial creations not derived from statutes or rules.[6] A district court has "continuing jurisdiction" over its cases and is thus "free to reconsider its own earlier decision."[7] These judicially created principles apply to suppression motions.[8] A motion to reconsider is "necessary to correct a clear error of law or fact or prevent a manifest injustice,"[9] but it should not be used to "revisit issues already addressed or advance arguments that could have been raised earlier."[10]

Williams's argument is two-fold. He first claims that the Court did not address the unreliability of an anonymous tip and second that the Court did not address his *Franks* claim.[11] The Government opposes this reconsideration because "there is nothing more to consider."[12] Additionally, the Government contends the Court inherently found that law enforcement agents did not make any materially false or misleading statements in the affidavit by its decision that the good faith exception applied.[13]

The Court first addresses Williams's argument regarding the anonymous tip included in the affidavit. According to the affidavit accompanying the search warrant application, an anonymous tipster stated that he heard Williams bragging about the

---

[6] *United States v. Brewer*, 60 F.3d 1142, 1143 (5th Cir. 1995).
[7] *United States v. Scott*, 524 F.2d 465, 467 (5th Cir. 1975).
[8] *United States v. Jefferson*, No. CR 19-174, 2022 WL 1001449, at *1 (E.D. La. Apr. 4, 2022).
[9] *United States v. Thompson*, No. CR 14-153, 2017 WL 6325818, at *3 (E.D. La. Dec. 11, 2017).
[10] *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014).
[11] Rec. Doc. 115-1 at 2-3.
[12] Rec. Doc. 116 at 2.
[13] *Id.* at 4.

two murders and that Williams carried firearms.[14] The tipster provided the FBI with his first name, phone number, and date of birth. In finding the good faith exception to the exclusionary rule applies here, the Court relied on documentation from cell phone location data placing Williams at or near Willow Brea on the day Duncan was murdered, shortly after the murder is believed to have occurred; documentation placing Williams and Duncan in communication and in the same physical locations earlier that same day before their phones were turned off; documentation that Williams was located in places consistent with his involvement in Duncan's murder before he arrived in the Willow Brae neighborhood; video evidence of Williams near Willow Brea in the days preceding the search; and documentation establishing Willow Brea as Williams's residence.[15] It was based upon this information that the Court found "a reasonable officer could conclude that evidence of the suspected crimes could be found at the Willow Brae residence."[16]

While the Court did reference the anonymous FBI tip as "further" evidence in its analysis of the good-faith exception,[17] the Court's conclusion can stand without it. The evidence in the affidavit, and utilized in the Court's reasoning, was supported by phone records, video recordings, *multiple* tips and testimonies, and inferences reasonably drawn from the investigation. Just as the Court originally ruled, the good faith exception still applies.

---

[14] Rec. Doc. 93-2 ¶¶ 41-43.
[15] Rec. Doc. 114 at 13-14.
[16] *Id.* at 14.
[17] *Id.* at 16.

The Court next turns to the *Franks* claim. Under *Franks v. Delaware*, a defendant may have a hearing on the veracity of a warrant affidavit if he makes a sufficient preliminary showing that the officer obtained the warrant by recklessly including material falsehoods in the application.[18] Williams contends he identified material misleading representations in and omissions from the affidavit supporting the warrant application.[19] Williams argues that the author, Special Agent Picone, intentionally or recklessly manipulated the information given to the magistrate judge and thus the good faith exception cannot apply when there is a violation of *Franks*.[20] Williams identifies the following as omissions from the affidavit: (1) Williams's wife worked on Old Gentilly Road, (2) there is no evidence of a Honda ever being disposed of at a lot on Old Gentilly Road, (3) Williams was only in the general area of Old Gentilly Road for a short period of time, (4) Williams never declined to speak to Picone, (5) the interviewees have substantial criminal histories, (6) drug dealers often use video applications to avoid detection by law enforcement such that Duncan could have been communicating with other persons never identified by call records, and (7) T-Mobile's Timing Advance data interpretation.

None of these made the "substantial preliminary showing" required of Williams for a *Franks* hearing.[21] The Court finds that these omissions are immaterial, but to any

---

[18] *Melton v. Phillips*, 875 F.3d 256, 262 (5th Cir. 2017) (applying *Franks v. Delaware*, 438 U.S. 154 (1978)).
[19] Rec. Doc. 115-1 at 7-9.
[20] *See United States v. Leon*, 468 U.S. 897, 922 (1984); Rec. Doc. 115-1 at 7-8.
[21] *See* 438 U.S. at 155-56.

other effect not omitted intentionally or recklessly. There is no adequate evidence to show that Picone intended to mislead the magistrate judge to obtain the warrant or acted recklessly. At the evidentiary hearing, Picone testified that he could not recall if he knew that Williams's wife worked near 9801 Old Gentilly Road at the time he authored the warrant affidavit. Williams presented no evidence that Picone had intentionally or recklessly omitted that or the other information Williams references. The affidavit did not state that there *was* evidence of a Honda being disposed of at a lot, and there may be many explanations for why law enforcement was not in possession of such affirmative evidence to make that detail immaterial. Further, the amount of time needed to hand off or dispose of a car need not have required a significant amount of time from Williams, such that the length of time he was in the area is not material. Likewise, the affidavit makes no reference to any attempt to interview Williams and, again, the omission of a statement that Williams did not decline to speak with Picone is immaterial. As referenced above, the affidavit contained significant documentation beyond information from interviewees, such that information about the criminal histories of the interviewees is immaterial. That Duncan may have spoken to other individuals the morning of the day he disappeared is also immaterial. That information would not undermine the evidence showing he was in the same vicinity as a known residence of Williams and Williams's phones before Duncan's phones were permanently turned off. And, finally, magistrate judges are familiar with phone carriers' data interpretation, as they handle countless

warrant applications involving cell phone location data, and Williams cites no legal requirement that every warrant application contain such information.

Precedent supports this conclusion. For example, in *Thomas*, the Fifth Circuit affirmed a district court's denial of the defendant's motion to suppress without a *Franks* hearing, affirming the conclusion that the defendant did not make the required "substantial preliminary showing" that the affiants' statements were "deliberately false or made with reckless disregard for the truth."[22] The district court found that the defendant "had 'not provided any evidence' that the government's statements were deliberately false or made with reckless disregard for the truth."[23] The court added that "even if [defendant] had made such a showing, the redacted affidavits would have established probable cause."[24]

The same is true here. The Supreme Court has "recognized that affidavits are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleading have no proper place in this area."[25] Williams has failed to meet the requisite substantial preliminary showing that Picone acted recklessly or intentionally in the making of the affidavit.[26] Further, defense counsel questioned Picone under oath at

---

[22] *United States v. Thomas*, 627 F.3d 146, 159 (5th Cir. 2010).

[23] *Id.*

[24] *Id.*; *see also United States v. Bourrage*, 138 F.4th 327, 343 (5th Cir. 2025) (holding that probable cause still existed even if the allegedly false statements were excised, thus the district court did not err by not holding a *Franks* hearing).

[25] *Illinois v. Gates*, 462 U.S. 213, 235 (1983) (citation modified).

[26] *See, e.g.*, *Hughes v. Garcia*, 100 F.4th 611, 623 (5th Cir. 2024) (attaching *Franks* liability to a defendant officer who produced and submitted an affidavit with "at least eight material misstatements or omissions").

the evidentiary hearing. Rather than Picone providing any evidence to support Williams's argument that he intentionally or recklessly omitted material information, Picone reaffirmed that the information in the warrant affidavit was true and correct and that he had not intended to be misleading or deficient in the affidavit.

Finally, Williams requests an evidentiary hearing or an *in-camera* review of the Government's files to unearth evidence regarding CD-1, a cooperating defendant utilized in the warrant affidavit. Williams believes he knows the identity of CD-1 and believes that CD-1 gave SA Picone "significant exculpatory evidence" before writing the affidavit.[27] He also believes CD-1 was pressured to make statements connecting Williams to a firearm.

The Court finds this request untimely. Motions for reconsideration are properly denied when they "simply cast previously available evidence in new light or advance new legal theories that could have been raised initially."[28] The unredacted warrant affidavit disclosed information about CD-1 and has been available to Williams at least since before the July 22, 2026, hearing on the motion. Williams does not present any new evidence that reveals the identity of CD-1 or other relevant information that he did not have at the time of the hearing. Yet, he did not make any effort to elicit information about CD-1 from Picone at the hearing, when he had an opportunity to do so, or make any arguments relating to CD-1 at the hearing or in his reply brief. Picone, under oath, testified that the warrant was true and correct and

---

[27] Rec. Doc. 115-1 at 11.
[28] *See United States v. Wells*, 2025 WL 3750669, 2025 U.S. Dist. LEXIS 266270, at *7-*8 (E.D. La. Dec. 29, 2025) (citing cases).

created without any intentional misstatements or with police misconduct. Williams fails to provide grounds for the Court to reconsider its ruling.

## III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Defendants' motion for reconsideration is **DENIED**.

New Orleans, Louisiana, this 29th day of October, 2026.

Anna St John

ANNA ST. JOHN
UNITED STATES DISTRICT JUDGE